IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV125-01-MU

JAMES E. WHALEY, Sr., )
)
      Petitioner, )
)
v. ) **O R D E R**
)
PERRY HATCHER, et al., )
)
      Respondent. )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed April 3, 2008. (Doc. No. 1.)

Plaintiff's Complaint consists of a list of numerous, unrelated incidents relating to his living conditions in the Cleveland County Jail Annex and includes scant facts or details in support of these claims.[1] Plaintiff complains that his food is cold and that his salad is spoiled. He also complains about the quantity of his food and that he was given dairy products in violation of his right to religion. Plaintiff further complains that the shower is not clean, the toilet water ran onto the floor, and the water is not fit to drink. He complains about being denied "medical." Plaintiff alleges that the beds are too high and that he does not get enough fresh air. Finally, Plaintiff alleges that his legal mail was opened.

While it is true that under Rule 8 of the Federal Rules of Civil Procedure a pleading is

---

[1] The Court notes that an identical complaint was filed in this Court on the same day as this Complaint by another prisoner at the same institution. **See 1:08cv126**. This case was dismissed on initial review on April 14, 2008.

sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief," even under the more liberal and forgiving pleading standards, sufficient facts must be included in the statement of claim "[to] give the defendants fair notice of what the claim is and the grounds upon which it rests." Conley v. Ginson, 355 U.S. 41, 47 (1957). Additionally, although the Court must assume that factual allegations in the complaint are true, it need not assume that a plaintiff "can prove facts that [are] not alleged or that the defendants have violated the . . . law [] in ways that have not been alleged." Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cir. 1994)(quoting Associated Gen. Contractors v. California State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Plaintiff's Complaint contains scant factual support for his list of unrelated complaints concerning living conditions. Moreover, his Complaint fails to state a claim for relief. Consequently, for the reasons stated in this Order, Plaintiff's Complaint must be dismissed.

First, although Plaintiff names "Raymond Hamrick, Sheriff" in the caption of his Complaint, he is not mentioned anywhere in the body of the Complaint. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct or any policy by Defendant Hamrick with regard to the incidents that form the basis of his Complaint. In fact, as already noted, Plaintiff does not connect Defendant Hamrick in any way to the incidents that form the basis of his Complaint. Consequently, Plaintiff fails to state a claim against Defendant Hamrick and he is

dismissed from this case.

Likewise, although he lists an individual named "Betty Lott" as a defendant in the caption of his Complaint, Plaintiff does not mention her anywhere in the text of his Complaint. As such Plaintiff, has failed to state a claim against Defendant Little and she is dismissed from this case.

Plaintiff's medical complaint against Sergeant Mark Davis fails to state a claim for relief. A prisoner states a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. See Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Plaintiff does not allege any specific injury, much less a serious medial need, for which he was denied medical care. Furthermore, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that a defendant was aware of facts showing a risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998). Here, Plaintiff does not allege any excessive risk to his health or safety. Nor does he allege that any alleged indifference was deliberate. Consequently, Plaintiff has failed to state a claim for relief under the Eighth Amendment.

Plaintiff's claim regarding his food also must fail. Plaintiff claims that Defendant Hatcher had something to do with his food being cold, his salad spoiled, and him not getting enough food.

3

Significantly, Plaintiff does not allege any illness or injury with respect to his food being cold, his salad spoiled, or the quantity of food he received. In order to state a claim for inadequate food, a plaintiff must show that the deprivation is serious and that the defendant was deliberately indifferent to a need. See Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(in the absence of alleging deleterious effects, the allegation that a prisoner received three meals a day during workweek and two meals per day on weekends and holidays did not state a cruel and unusual punishment claim under the Eighth Amendment). Plaintiff has not satisfied these elements in his conlcusory Complaint.

Plaintiff also alleges that Defendant Hatcher is violating his religious rights by giving him dairy products. In a copy of a grievance attached by Plaintiff to his Complaint, Plaintiff complains that his religious rights are being violated because as a Buddhist he cannot eat meat or dairy products and he has been given cheese, cake, and cookies. Plaintiff does not explain why he could not just choose to remove these items from his tray and eat the rest of the food. Nor does Plaintiff allege how often such incidents occur. Consequently, Plaintiff has failed to state a claim. See Abernathy v. Cunningham, 393 F.2d 775, 778 (4th Cir. 1968)(special diet need not be provided if inmate can voluntarily refrain from eating forbidden items and still maintain an adequate diet).

Next, Plaintiff complains that he does not get enough fresh air, however, Plaintiff provides no facts or details to support his general complaint. The Court presumes that this complaint is an attempt to argue insufficient exercise. However, the Fourth Circuit has found that there is no constitutional violation when inmates have access to indoor room and are encouraged to use such room for exercise and physical activity. See Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980). Plaintiff does not argue that he goes without exercise and his claim that he does not get enough fresh

4

air does not state a constitutional violation.

Plaintiff contends that the showers are not clean, the water is not fit to drink and toilets have run over onto the floor. To be sure, sanitation conditions are serious, however, in order to state a constitutional violation, such conditions must cause serious deprivation to which prison officials are deliberately indifferent. See Wilson v. Seiter, 501 U.S. 294, 304-05 (1991). Leaking ceilings, pigeons sometimes nesting in the building, occasional mold in showers, old buildings, and single exit from cellhouse, were found not constitutionally significant. See Shrader v. White, 761 F.2d 975, 983-84 (4th Cir. 1985). Here, Plaintiff simply listed, among his other complaints, that the shower is not clean, the water is not fit to drink, and the toilet water ran over onto the floor. Plaintiff has not stated any significant deprivation, therefore his claim shall be dismissed.

Plaintiff complains that the beds are not the correct height, causing poor posture. Plaintiff's complaint about the bed height does not rise to the level of a constitutional violation and is dismissed.

Finally, Plaintiff complains that his legal mail was opened. In a copy of a grievance attached to his Complaint and in grievances attached to a April 15, 2008, filing, Plaintiff alleges that on four or five occasions his legal mail has been opened. However, Plaintiff only details two instances of this happening. Isolated instances of opening a prisoner's legal mail outside of his presence does not state a cognizable § 1983 claim. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983)(isolated incidents of opening of legal mail did not state a constitutional violation); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990)(same). Moreover, Plaintiff's claim must be dismissed because he fails to articulate an actual injury in connection with this claim. See Griffin v. Virginia, 2002 WL 32591574 *3 (W.D. Va. 2002)(unpublished), aff'd, 67 F. App'x 837 (4th Cir. 2003)(citing Lewis

5

v. Casey, 518 U.S. 343, 351-52 (1996)).

In an unlabeled filing filed on April 15, 2008, Plaintiff asserts that he has been denied access to the law library. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828 (emphasis added); Strickler v. Waters, 989 F.2d 1375, 1385 (4th Cir.)( "Bounds did not hold that there is a right of access to a law library; it held that there is a right of access to the courts. It does not inexorably follow from the fact that an institution's library is inadequate or that access to that library is restricted . . . that the prisoner was denied access to the courts."), cert. denied, 510 U.S. 949 (1993). The State of North Carolina has established the North Carolina Prisoner Legal Services which provides inmates with the constitutionally mandated level of assistance necessary to protect their meaningful access to the court. See Wrenn v. Freeman, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995), aff'd, 92 F.3d 1184 (4th Cir. 1996), cert. denied, 519 U.S. 1136 (1997). Consequently, regardless of the limitations of the law library at the facility where Plaintiff is incarcerated, his claim must fail. In addition, Plaintiff's claim also fails because he fails because he does not set forth any actual injury that he has suffered. See Lewis v. Casey, 116 S. Ct. 2174, 2180-2182 (1996)( to prevail on a denial of access to the courts claim, a Plaintiff must be able to establish actual injury).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim for relief.

Signed: April 18, 2008

Graham C. Mullen
United States District Judge