IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV125-01-MU

| | |
|---|---|
| JAMES E. WHALEY, Sr., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PERRY HATCHER, et al., )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Reconsideration (Doc. No. 6), filed April 22, 2008; Plaintiff's Motion for Reconsideration and Amend Complaint (Doc. No. 9), filed April 28, 2008; and Plaintiff's Motion to Amend Complaint (Doc. No. 11), filed May 27, 2008.

On April 4, 2008, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violation based upon a number of unrelated incidents related to his living conditions at the Cleveland County Jail. On April 18, 2008, this Court dismissed Plaintiff's Complaint after concluding on initial review that Petitioner did not state a claim for which relief could be granted. Plaintiff has now filed a motion to reconsider, a motion to amend and a hybrid motion to reconsider/amend.

The Fourth Circuit has held that reconsideration is "an extraordinary remedy" that should be only "sparingly" used. Pacific Insurance Company v. American National Fire Insurance Co. 148 F. 3d 396, 403 (4th Cir. 1998). Reconsideration can only be granted on three grounds: (1) to

accommodate an intervening change in controlling law; (2) to consider new evidence not previously available; or (3) to correct a clear error of law. See Hutchinson v. Staton, 994 F. 2d 1076 (4th Cir. 1993), Xoom, Inc. v. Imageline, Inc., 93 F. Supp. 2d 688 (E.D. Va. 1999). Petitioner's motions provide no basis, nor can this Court discern any reason, for vacating its earlier Order dismissing Plaintiff's Complaint. Indeed, Plaintiff's Motion to Reconsider (Doc. No. 6) contains allegations against individuals who were not even named as defendants in this case. Moreover, the allegations contained in Plaintiff's later filed Motion to Reconsider (Doc. No. 9) indicate that clearly Plaintiff was being treated by medical staff. Mere disagreement with treatment does not state a constitutional claim. Consequently, Plaintiff's Motions for Reconsideration (Doc. Nos. 6 and 9) are denied.

Plaintiff also requests that this Court allow him to amend his Complaint. Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend will be freely granted were justice so requires. Fed. R. Civ. P. 15(a). A district court may not deny a motion to amend "simply because it has entered judgment against the plaintiff-be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). A post-judgment motion to amend is "evaluated under the same legal standard as a similar motion filed before judgment was entered-for prejudice, bad faith, or futility." Id.. However, a district court may not grant a post-judgment motion to amend "unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Id. at 427-28. As noted above, Plaintiff has not established an adequate basis for relief under Rule 59(e) or Rule 60. Accordingly, Plaintiff's motions to amend[1] are denied.

---

[1] Plaintiff's Motion to Amend (Doc. No. 11) contains allegations against an individual who are not even a named defendant.

2

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Reconsideration (Doc. No. 6) is **DENIED**;

2. Plaintiff's Motion for Reconsideration and Amend Complaint (Doc. No. 9) is **DENIED**; and

3. Plaintiff's Motion to Amend Complaint (Doc. No. 11) is **DENIED**.

Signed: March 10, 2009

Graham C. Mullen
United States District Judge